No. 17,509.

## WEST CREEK TOWNSHIP ET AL. *v.* MILLER.

DRAINAGE.—*Remonstrances.* — *Refiling as to New Report.* — Remonstrances filed to the original report of drainage commissioners, are not good without refiling, as against a new report, under R. S. 1894, section 5625, providing that on sustaining a remonstrance the court may direct amendment of the report, or a new report, and that any person whose lands are reported as affected "may remonstrate" against the new report within the same time as against the first report.

SAME.—*New Report.*—*Notice.*—*Remonstrance.*—Lack of knowledge or notice of the filing of a new report by drainage commissioners is no excuse for the failure of one who remonstrated against the first report, to file remonstrances against the new report.

SAME.—*Remonstrances.*—*Original Report.*—*New Report.*—Drainage commissioners do not recognize remonstrances to their original report, and so make them good, as against a new report, by moving to strike them out after making such new report.

SAME.—*Issues.*—*Admission.*—*Swearing of Witness.*—The swearing of a witness by direction of the court, in drainage proceedings, is not an admission by the petitioners that issues are made up so as to make a remonstrance to the original report of the drainage commissioners good, as against a new report by them.

SAME.—*Report.*—*Omission as to Grades, Courses, and Distances.*— *Referring Back.*—The omission from a report of drainage commissioners, of matters as to grades, courses, and distances of the proposed ditch, which are required to be stated therein by R. S. 1894, section 5624, authorizes a reference back for revision of the report as "not according to law."

From the Lake Circuit Court.

*T. J. Wood,* for appellants.

*T. S. Fancher,* for appellee.

HOWARD, C. J.—This was a proceeding under the act of April 6, 1885 (Acts 1885, p. 129; R. S. 1894, section 5622, and following sections), for the construction of a public drain in Lake county.

The bill of exceptions shows that the appellants filed remonstrances containing the statutory grounds against the report of the commissioners of drainage; and that thereupon the court referred the report back to the commissioners with orders to file a new report on the first day of the next term, November 19, 1894. The court did not set aside the first report, and there was no hearing when the same was referred back; but the commissioners were directed to re-examine the proposed ditch after meeting at a designated time and place, and make further report, which was done.

The new report was in fact the old report refiled, with the addition of a statement by the engineer giving the levels of the ditch, its courses and distances, and specifications showing how it should be constructed. There was also a statement added of a re-survey of a part of the ditch. The report was re-sworn to.

It is stated also in the bill of exceptions that neither the appellants nor their attorneys had any knowledge or notice of the filing of the new report on November 19, 1894.

On the day of the trial, December 13, 1894, the appellants moved the court to allow their original remonstrances against the assessment of benefits as made in the first report to stand against the new report, on the ground that there was no change made in any of the assessments. This motion was overruled, and the ruling excepted to.

It is further shown that the appellants also moved the court to allow said remonstrances to stand to the new report, on the ground that the petitioner had moved to strike out said remonstrances, for the reason that the causes therein were not well stated. On this motion the court made no ruling, to which failure to rule upon said motion appellants also excepted.

It appears, in addition, that the court directed that one of the appellant trustees be sworn on the trial, and that when said trustee was interrogated as to the question of benefits and damages in case said ditch should be dug, the petitioner objected to his testimony, and the objection was sustained on the ground that there was no remonstrance on file calling the assessments in question.

The rulings complained of are all brought up as reserved questions of law under provisions of section 642, R. S. 1894 (section 630, R. S. 1881), and are properly before us by bill of exceptions.

One question only is presented by the rulings complained of :   Did the remonstrances filed to the original report stand good, without re-filing, as against the new report of the drainage commissioners?   Under the provisions of the drainage statute, we think they did not.

It is provided in section 4, of that act, *supra* (section 5625, R. S. 1894), that on the filing of the remonstrance, if the first cause of remonstrance is held to be true, namely, that the report is not according to law, the court may direct the commissioners to amend and perfect their report; '' or the court may in its discretion set aside said report, refer the matter back anew to said commissioners for a new report. ''

The latter course, substantially, was taken in this case, although there was not a formal setting aside of the first report, but a new report was in fact filed.  The same section of the statute provides that in such case, ''when said new report is made and filed any person whose lands are reported as affected may remonstrate within the same time therefrom and for the same causes as it is hereby allowed to remonstrate against the first report. ''

It is not claimed that any remonstrance was in this case filed to the last report; but it is argued that the

remonstrances to the first report stood good also to the last. We do not think the statute contemplates such a procedure. On the contrary, the statute evidently assumes that the new report will be, in some essential respects, different from the original, and provides expressly for filing remonstrances anew. It may well be that the new report will obviate the objections to the old one, and that no remonstrance will therefore be necessary or available.

As a reason, apparently, for not filing a remonstrance to the new report in the case before us, it is shown that appellants had no knowledge or notice of its filing. This, however, could be no excuse. The remonstrants, both by the original notice given to them and by their appearance to the first report, were in court for all the purposes of the case.

Neither is it true that, by moving to strike out the original remonstrances, appellee thereby recognized such remonstrances, and so made them good. The remonstrances, by force of the statute, did not exist as against the new report. The last report stood as the revised act of the commissioners ; and, in the absence of further remonstrance, must be presumed correct.

It is further urged by counsel, that since the only reason given in the statute why the original report may be referred back to the commissioners is, that the report " is not according to law ;" whereas, the additional statements in the new report as filed are matters of fact, and not of law, namely, the giving of the levels of the ditch, its courses and distances, and the specifications showing how it should be constructed ; therefore the report should not have been referred back in the first instance.

We do not think appellants are in position to make this objection to the action of the court. Not only was

the report referred back without objection from the appellants, but the action taken was in apparent compliance with their remonstrance.

The additional matters besides, which are found in the new report, as to the grades, courses and distances of the ditch, are such as by section three of the drainage act, *supra* (section 5624, R. S. 1894), are required to be stated in the report of the commissioners. As these matters were omitted in the first report, that report was certainly "not according to law," and was therefore properly referred back to the commissioners for revision.

Nor does it follow because a witness was sworn in the case by direction of the court, that it was thereby admitted by the petitioner that issues were made up, in such sense that the remonstrance to the original report was good also against the new report. The witness might be sworn for the information of the court, or for other reasons. As soon, however, as he was asked to give evidence, such as might be admissible under the remonstrance, his testimony was objected to. The remonstrance, as we think, was not before the court either in fact, or by the admission of the petitioner.

The judgment is affirmed.

